## Bell, Secretary of Banking, v. O'Connor's Executors. No. 1

*H. C. Hubler*, for plaintiff.

*J. D. Kennedy*, for defendants.

LEACH, P. J., September 4, 1940.—In 1928 John O'Connor, deceased, sold 20 shares of stock in the Olyphant Bank to Dan G. Jones, president of the bank, now deceased, for $5,000. Neither O'Connor nor Jones had the

transfer marked upon the books of the bank. Finding the stock in the name of O'Connor, this suit was brought by the Secretary of Banking. He had also brought suit against the Jones estate.

In all fairness, the stock belonged to Jones long before there was any question of insolvency of the bank, and the transfer should have been marked on the books of the bank and the Jones estate should pay the money. It is also true that the O'Connor estate, upon the books of the company, appears to be the one liable, and plaintiff might be able to get the money from it in the first instance. It makes no difference to plaintiff where he gets the money, but it might make considerable difference to defendant. A defendant who technically is liable might have his property sold by sheriff's sale before he could get a judgment against the person who really ought to pay the money, and the damage to him would be considerable.

It is for the above reason that the statute and rules of court provide for bringing in a third party, who defendant claims is really the person who should pay the money. This action has been taken in the case after this rule was pending.

September 4, 1940, for reason above stated, the proceedings on the rule for judgment are stayed pending the determination of the rule to bring in the additional defendant.